IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DEBRA A. SAUER and ROBERT SAUER, | § § § § |
| *Plaintiffs*, | § § Civil Action No. SA-12-CV-1085-XR |
| v. | § § |
| WELLS FARGO BANK, N.A., | § § § |
| *Defendant*. | § |

## ORDER

On this day the Court considered Defendant's motion to dismiss for failure to state a claim (Doc. No. 3). For the following reasons, the Court finds that the motion should be granted.

### I. Background

**A. Factual Background**[1]

Plaintiffs Debra A. Sauer and Robert Sauer allege that in July of 2006 they obtained a mortgage loan from Wachovia Mortgage Corporation[2] and that the loan is secured by their home located at 7531 Robin Rest, San Antonio, Texas. Plaintiffs allege that Defendant Wells Fargo Bank, N.A.[3] "is attempting a non-judicial foreclosure" on their home despite the fact that Defendant "is a stranger to the alleged note and has neither shown itself nor its principal as a holder or as an assignee of the alleged mortgage."

---

[1] The following facts are alleged in Plaintiffs' original petition.
[2] Specifically, Plaintiffs allege that they "entered into a written mortgage with Mortgage Electronic Registration Systems, Inc. Solely as Nominee For Wachovia Mortgage Corporation as the original note holder."
[3] Plaintiffs allege that Defendant "is a mortgage servicer and is representing US Bank National Association, as Trustee for MASTR Alternative Loan Trust 2007-1 . . . ."

**B. Procedural Background**

Plaintiffs filed their original petition in state court in November of 2012 and the state court issued a temporary restraining order enjoining the sale. Defendant removed the action to this Court based on diversity.

In their original petition, which remains the live pleading, Plaintiffs allege a sole cause of action for wrongful foreclosure. In support of their cause of action, Plaintiffs allege that "Defendant cannot foreclose as neither it nor its principal are authorized to foreclose as Defendant is a stranger to the alleged note and has neither shown itself nor its principal as a holder or as an assignee of the alleged mortgage."[4] Plaintiffs allege that they have "sustained damages" and seek injunctive relief restraining Defendant from foreclosing on their home. Plaintiffs also seek attorney's fees.

Shortly after removing the action to this Court, Defendant filed a motion to dismiss for failure to state a claim. In its motion to dismiss, Defendant contends that Texas does not acknowledge a cause of action for "attempted wrongful foreclosure" and that a plaintiff cannot recover on a theory of wrongful foreclosure if the plaintiff has not lost possession of the property. Defendant therefore argues that Plaintiffs' claim for wrongful foreclosure in this case lacks plausibility and should be dismissed because a foreclosure sale has not occurred.

To date, Plaintiffs have not filed a response to Defendant's motion to dismiss. Nor have Plaintiffs filed any other document in this Court since the case was removed.

---

[4] Orig. Pet. ¶ 11.

## II. Discussion

### A. Legal Standard for Deciding a Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While detailed factual allegations are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### B. Plaintiffs' Cause of Action for Wrongful Foreclosure

"The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). "Therefore, to recover on a wrongful foreclosure claim, the property in question must have been sold at a foreclosure sale." *Bernard v. Bank of America, N.A.*, No. 04-12-00088-CV, 2013 WL 441749, at *3 (Tex. App.—San Antonio Feb. 6, 2013, no pet.) (mem. op.); *Anderson v. Baxter, Schwartz & Shapiro, LLP*, No. 14-11-00021-CV, 2012 WL 50622, at *3 (Tex. App.—Houston [14th Dist.] Jan. 10, 2012, no pet.) (mem. op.); *see also Owens v. BAC Home Loans Servicing, L.P.*, No. H-11-2742, 2012 WL 1494231, at *3 (S.D. Tex. April 27, 2012) ("Texas law does not recognize a cause of action for attempted wrongful foreclosure."); *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d

725, 730 (N.D. Tex. 2011) ("Because under Texas law an inadequate selling price is a necessary element of a wrongful foreclosure action, a foreclosure sale is a precondition to recovery.").

Here, Plaintiffs have not alleged that a foreclosure sale occurred. Rather, Plaintiffs allege that Defendant "is attempting" to foreclose on the property and seek an injunction to prevent the sale. Accordingly, because a foreclosure sale has not occurred, Plaintiffs cannot prevail on their cause of action for wrongful foreclosure.

### III. Conclusion

As a result of the foregoing, Defendant's motion to dismiss (Doc. No. 3) is GRANTED.

The Court finds that it is not appropriate to afford Plaintiffs an opportunity to amend for several reasons. First, Plaintiffs, who are represented by counsel, have not requested leave to amend. Second, amendment would be futile because Plaintiffs' sole cause of action is for wrongful foreclosure and, as discussed above, a successful wrongful foreclosure claim requires that a foreclosure sale have occurred. Third, Plaintiffs appear to be uninterested in further litigating their case because they have not filed anything in this Court since the case was removed. Accordingly, Plaintiffs' cause of action for wrongful foreclosure is DISMISSED WITH PREJUDICE. No claims remain pending in this case.

The Clerk is directed to enter judgment that Plaintiffs take nothing. Defendant is awarded its costs of court and must file a Bill of Costs in the appropriate form within fourteen days of the entry of judgment.

It is so ORDERED.

SIGNED this 30th day of April, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE